UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Darla Patton fka Darla Dolginoff** | : | Civil Action No.: 303CV01034 |
| | : | (AVC) |
| vs. | : | |
| | : | |
| **Michael Cusano, Marie Cusano and James Cusano** | : | |
| | : | August 6, 2004 |

## PRETRIAL MANAGEMENT ORDER

**1.   TRIAL COUNSEL**

The attorneys representing the Plaintiff, Darla Patton, include Joseph M. Porto and John Michael Parese, both of Parrett, Porto, Parese & Colwell, P.C.  The attorney representing the defendants, Michael Cusano, Maria Cusano and James Cusano is Michael L. McDonnell of the Law Offices of Rodd J. Mantell.

**2.   JURISDICTION**

The parties agree that this court has jurisdiction of this suit pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the amount of $75,000.00, exclusive of interests and costs.  The plaintiff, Darla Patton is a resident of the State of Texas.  The defendants, Michael Cusano, Marie Cusano and James Cusano are residents of the State of Connecticut.

**3.     JURY / NONJURY**

The parties wish to have this case tried before a jury.

**4.     LENGTH OF TRIAL**

The Plaintiff's case in chief will likely take three (3) days.

The Defendants' case in chief will likely take two (2) days.

**5.     FURTHER PROCEEDINGS**

The potential exists that the Plaintiff and/or the Defendants may need to file motions in limine, and therefore, the parties seek to reserve the right to make such motions if the need arises.

**6.     NATURE OF CASE**

**a. Plaintiff's Articulation.**

The Plaintiff's complaint sounds in four counts. Count One alleges that James Cusano negligently struck the plaintiff on June 23, 2001 in or about the area of her head with his wrist and/or hand causing severe and permanent injury to the plaintiff. Count Two alleges negligent supervision against Michael and Maria Cusano, James Cusano's parents. The allegation of negligent supervision arises out of the incident which occurred on June 23, 2001 when James Cusano negligently struck the plaintiff. The claim alleges that Michael and Marie Cusano failed to properly supervise and control the actions of their son, James Cusano. Count Three alleges willful misconduct against James Cusano claiming that his conduct in striking the plaintiff on June 23,

2001 was intentional, willful and malicious. Count Four alleges willful misconduct against Michael and Marie Cusano claiming that the defendants are responsible and liable for the willful and intentional acts of their son pursuant to Nevada Revised Statute § 41.470 or Connecticut General Statutes § 52-572.

    **b. Defendants' Articulation.**

The Defendants have responded to the Plaintiff's complaint so as to deny that James Cusano negligently struck the plaintiff on June 23, 2001 in or about the area of her head with his wrist and/or hand causing severe and permanent injury to the plaintiff. The defendants deny that there was any duty on the part of Michael Cusano and/or Marie Cusano to supervise James Cusano as James Cusano was neither a minor nor an unemancipated minor on June 23, 2001. The Defendants deny the allegation that the conduct of James Cusano on June 23, 2001 was intentional, willful or malicious and the Defendants deny that Michael Cusano and Marie Cusano are responsible for either negligent or intentional, willful or malicious conduct on the part of James Cusano.

    **7.    TRIAL BY MAGISTRATE JUDGE**

The parties have no objection to Magistrate Judge Thomas P. Smith presiding at trial. Please see the parties agreement concerning the same attached hereto.

**8.     LIST OF WITNESSES**

a. Plaintiff's witnesses may include:

(1) Darla Patton.  Ms. Patton is expected to testify for approximately seven (7) to eight (8) hours.  Ms. Patton will testify about how she was struck in the head by Mr. Cusano and the injuries resulting from the incident.  She will also testify about the impact this incident has had on her life.

(2) James Cusano.  Mr. Cusano is expected to testify for approximately one (1) to two (2) hours.  Mr. Cusano will be asked to testify about the facts and circumstances surrounding Ms. Patton's allegation that he struck her in the head.

(3) Marie Cusano.  Ms. Cusano is expected to testify for approximately one (1) to two (2) hours.  Ms. Cusano will be asked to testify about the facts and circumstances surrounding Ms. Patton's allegation that James Cusano struck her in the head.

(4) Gary Granger.  Mr. Granger would testify for approximately one (1) to two (2) hours.  Mr. Granger is the officer for the Tropicana Hotel who responded to this incident.  Mr. Granger would be asked to testify about his report and independent recollection of the incident between Ms. Patton and Mr. Cusano that is the subject of this suit.

(5) Richard R. Jones, M.D. Dr. Jones would testify for approximately two (2) to three (3) hours. Dr. Jones is expected to testify about Ms. Patton's health before and after this incident and the physical and emotional consequences this injury has had on Ms. Patton.

(6) Donald P. Weaver, Ph.D. Dr. Weaver would testify for approximately two (2) to three (3) hours. Dr. Weaver is expected to testify about Ms. Patton's psychological health and the affect the incident at bar had on her psychological well being.

b. Defendant's witnesses may include:

(1) James Cusano. Mr. Cusano is expected to testify for approximately one (1) to two (2) hours. Mr. Cusano will be asked to testify about the facts and circumstances surrounding Ms. Patton's allegation that he may have brushed the back of her head.

(2) Marie Cusano. Ms. Cusano is expected to testify for approximately one (1) to two (2) hours. Ms. Cusano will be asked to testify about the facts and circumstances surrounding Ms. Patton's allegation that James Cusano may have brushed the back of her head.

(3) Michael Cusano. Mr. Cusano is expected to testify for approximately one (1) hour. Mr. Cusano will be asked to testify about the facts and circumstances surrounding Ms. Patton's allegation that James Cusano may have brushed the back of her head.

(4) Gary Granger. Mr. Granger would testify for approximately one (1) to two (2) hours. Mr. Granger is the officer for the Tropicana Hotel who responded to this incident. Mr. Granger

would be asked to testify about his report and independent recollection of the incident between Ms. Patton and Mr. Cusano that is the subject of this suit.

(5) Roland Eckhart.  Mr. Eckhart would testify for approximately one (1) to two (2) hours. Mr. Eckhart is the Security Supervisor who responded to this incident and he would be asked to testify about the report and independent recollection of the incident between Ms. Patton (Dolginoff) and Mr. Cusano that is the subject of this suit.

(6) Stanford Dolginoff.  Mr. Dolginoff would testify for approximately four (4) to five (5) hours.  Mr. Dolginoff is the fourth husband of the Plaintiff and will be asked to testify about his recollection of the incident and about the Plaintiff's medical and psychiatric history prior and subsequent to the incident that is the subject of this suit.

**9.   EXHIBITS**

1. Tropicana Security Incident Report Number 01-0898.  This is the incident report written by the Tropicana Hotel.  It contains information about this incident and a narrative from the reporting officer, Gary Granger.

Photographs:

2. Ms. Patton & friend on 5/11/01.

3. Ms. Patton & ex-husband on 5/12/01.

4. Ms. Patton standing in front of door 11/01.

5. Ms. Patton lying on couch one 1/02.

6. Ms. Patton lying on couch two 1/02.

7. Ms. Patton lying on couch three 1/02.

8. Ms. Patton lying on couch four 1/02.

9. Ms. Patton lying on couch five 1/02.

10. Ms. Patton's swollen neck left side 5/02.

11. Ms. Patton's swollen neck right side 5/02.

12. Ms. Patton front view 5/02.

13. Security video of the incident from the Tropicana Hotel dated 6/23/01.

14. Records regarding psychiatric treatment and or counseling of the plaintiff prior and subsequent to the incident of 6/23/01.

15. Records regarding medical treatment the plaintiff underwent prior and subsequent to the incident of 6/23/01 for neck and back injuries suffered.

**The Plaintiff will also introduce into evidence the medical records and bills previously disclosed.  A separate proposed exhibit list will be provided shortly as the reports are voluminous.**

### 10.    TRIAL TO COURT / JURY

a.)    The parties wish to have this case decided by a jury. The following material facts are undisputed. The plaintiff, Darla Patton, is and was a resident of the State of Texas. The defendants, Michael Cusano, Marie Cusano and James Cusano are and were residents of the State of Connecticut. The defendants, Michael Cusano and Marie Cusano are the parents of the defendant, James Cusano. On June 23, 2001, the Plaintiff and Defendants were on vacation in Las Vegas, Nevada staying at the Tropicana Hotel and Casino.

The Plaintiff claims that the Defendant, James Cusano, violently struck her in the head with the face of his watch and or his hand/fist. The Plaintiff also claims that the blow caused the Plaintiff to sustain serious and permanent injuries.

The Defendants claim that James Cusano neither violently struck the Plaintiff in the head nor did he strike the plaintiff in the head with the face of his watch and or his fist. The Defendants claim that there was minor contact between the open hand of the Defendant James Cusano and the back of the head of the Plaintiff Darla Patton fka Darla Dolginoff and that the contact was not serious enough to cause any injury to the Plaintiff who, on video, produced a neck brace from her pocketbook shortly after the contact, if any, was made.

**Plaintiff's Proposed Findings of Fact**

The Plaintiff proposes the court find the following: that the Defendant, James Cusano, negligently struck the Plaintiff, which contact caused serious and permanent injuries as more particularly set forth in the Plaintiff's Complaint; that the Defendant, James Cusano, intentionally and willfully injured the Plaintiff; that the Defendants, Marie and Michael Cusano negligently and/or willfully failed to supervise and/or control their son's actions; that the Plaintiff be awarded economic damages for medical treatment related to her injuries; that the Plaintiff be awarded economic damages for her lost earning capacity; that the Plaintiff be awarded non-economic damages for the injuries sustained in this incident; and that the Plaintiff suffered permanent physical and emotional injuries as a result of this incident.

**Defendants' Proposed Findings of Fact**

The Defendants propose the Court find the following: that minimal, if any, contact was made between the Plaintiff and the Defendant James Cusano; that the resulting injury, if any, was not caused by the subject accident nor were the resulting injuries of a permanent nature; that the Plaintiff has not lost any wages as a result of the incident nor has she suffered any economic loss.

b.) Proposed Voir Dire Questions are attached hereto as "Exhibit A." Proposed Jury Instructions are attached hereto as "Exhibit B."

c.) The Plaintiff respectfully requests the opportunity to make a brief opening statement. The Defendants also respectfully request the opportunity to make a brief opening statement.

DATE:_____          THE PLAINTIFF


                                    BY:_____
                                       Joseph M. Porto, Esq.
                                       Federal Bar No.: CT 17413
                                       Parrett, Porto, Parese & Colwell, P.C.
                                       2319 Whitney Avenue
                                       Hamden, CT 06518
                                       (203) 281-2700



DATE:_____          THE DEFENDANTS


                                    BY:_____
                                       Michael L. McDonnell, Esq.
                                       Federal Bar No.: CT 04108
                                       700 Stanley Drive
                                       New Britain, CT 06050
                                       (860) 827-4351

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Darla Patton fka Darla Dolginoff** | : | Civil Action No.: 303CV01034 |
| | : | (AVC) |
| **vs.** | : | |
| | : | |
| **Michael Cusano, Marie Cusano and James** | : | |
| **Cusano** | : | August 6, 2004 |

"EXHIBIT A"
**PROPOSED VIOR DIRE QUESTIONS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Darla Patton fka Darla Dolginoff** | : | **Civil Action No.: 303CV01034** |
| | : | **(AVC)** |
| **vs.** | : | |
| | : | |
| **Michael Cusano, Marie Cusano and James Cusano** | : | |
| | : | **August 6, 2004** |

"EXHIBIT B"
**PROPOSED JURY INSTRUCTIONS**

**I.      Use of Medical Records**

In this case there was evidence presented in the form of written reports by doctors who treated the plaintiff. There is a statute that provides that such written reports may be sued in court. That statute was enacted so that persons claiming injury would not have to take doctors away from their medical duties in order to testify in court. Since the use of reports rather than testimony in court is permitted by this statute, you should not draw any unfavorable inference from the plaintiff's use of reports rather than live testimony of some medical practitioners. General Statutes x21 52-174; Richmond v. Ebinger, 65 Conn. App. 776, 787 A.2d 552 (2001).

**II.     Compensation for Increased Risk of Injury**

The plaintiff claims that she has suffered an increased risk of future complication to her back and neck as a result of the defendant's negligence. The plaintiff is entitled to recover

damages for physical harm resulting form a failure to exercise reasonable care.  If the failure to exercise reasonable care increases the risk that such harm will occur in the future, the plaintiff is entitled to compensation for the increased risk.  In order to award this element of damages, you must find a breach of duty that was a substantial factor in causing a present injury which has resulted in any increased risk of further harm.  The increased risk must have a basis in the evidence.  Your verdict may not be based on speculation.  The plaintiff is entitled to compensation to the extent that the further harm is likely to occur as measured by multiplying the total compensation to which the plaintiff would be entitled if the harm in question were certain to occur by the proven probability that the harm in question will in fact occur.  <u>Marchetti v. Ramirez</u>, 240 Conn. 49, 688 A.2d 1325 (1997); <u>Barrett v. Danbury Hosp.</u>, 232 Conn. 242, 654 A.2d 748 (1995); <u>Goodmaster v. Houser</u>, 225 Conn. 637, 625 A.2d 1366 (1993); <u>Petriello v. Kalman</u>, 215 Conn. 377, 576 A.2d 474 (1990).

**III.     Loss of Enjoyment of Life's Activities**

There has also been evidence in this case that the plaintiff has been limited in her ability to enjoy many of the activities which she enjoyed before the accident.  "A plaintiff may recover damages for the inability to pursue and enjoy life's activities."  Newman and Wildstein, <u>Tort Remedies in Connecticut</u> §7-4 (citing <u>Bartholomew v. Schweizer,</u> 217 Conn. 671, 686 (1991)).  The loss of enjoyment of life's activities exists separately from pain and suffering and from

disability.  *Id.*  The plaintiff may recover both present and future losses.  *Id.*  If you find that the plaintiff has suffered loss of enjoyment of life's activities, you should award damages for that as well.

### IV.     Defendant Must Take the Plaintiff as He Finds Her

The plaintiff is entitled to recover full compensation for all of her injuries, losses and damages, and the effects caused by or proximately resulting from the defendants' negligence.  This is so even if her injuries or damages, and the effects thereof, were more severe and serious and were prolonged permanently or longer than they would otherwise have been because of her pre-existing condition of health at the time of the incident.  There has been testimony in this case that the plaintiff had a prior neck, back and psychological injuries.  She alleges that these prior injuries were aggravated or exacerbated by this incident, causing her economic damages as well as pain and suffering.  The defendant must take the plaintiff as he finds her.  The defendants are chargeable with all of the results of the injuries proximately caused by their neglect, or flowing from their negligence, and the defendant cannot now excuse the results of his negligence by saying that the plaintiff had a pre-existing condition which would make her suffer more and longer or cause her to be more severely injured than she otherwise would have been.  Flood v. Smith, 126 Conn. 644, 13 A.2d 677 (1940); Nichols v. Coppola Motors, Inc., 178 Conn. 335,

422 A.2d 260 (1979); <u>Olkowski v. Dew</u>, 48 Conn. App. 864, 713 A.2d 264, cert. denied, 246 Conn. 901, 717 A.2d 239 (1998).

### V.     Negligent Assault and Battery

An assault and battery, or unlawful application of force or violence to the person of another, need not be intentional.  The law recognizes an independent cause of action for negligently assaulting another person.  In this case, the plaintiff alleges that she was negligently assaulted and battered by the defendant.  Therefore, if you believe the evidence supports a nonconsensual touching that was not intended as such by the defendant, then you may find there was a negligent assault and battery.  On the other hand, if there is no evidence of a nonconsensual touching, then you may not find for the plaintiff.  <u>Chouinard v. Marjani</u>, 21 Conn. App. 572, 575 A.2d 238 (1990); <u>Russo v. Porga</u>, 141 Conn. 706, 109 A.2d 585 (1954).

And submitted by the Defendants:

**MITIGATION OF DAMAGES**:

One who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries.  This rule is one of good faith and reasonable conduct, and the requirement is met when the plaintiff does what a reasonable prudent person would be expected to do under the same circumstances.

The test of good faith and reasonable conduct must be applied under all the conditions surrounding the plaintiff at the time.

That, ladies and gentlemen, is the rule.  If you find that the plaintiff in this action acted in good faith, resorted to such means and adopted such methods as were reasonably within her reach in order to make her damages as small as possible, then you won't have to consider the question of whether the damages should be diminished.

If, on the other hand, you find that she fell short of that test, that she did not act in good faith, and did not resort to such means and adopt such methods as were reasonably within her reach to make her damage as small as possible, then you ought to take off from the damages which otherwise you would award to her such sum as you think fairly measures the amount to which her damage has been increased by reason of her failure in her duty in this respect.

The evidence which you heard in this case was that the plaintiff had numerous visits with various doctors.  You also heard the plaintiff complain of ongoing physical discomfort and psychological harm.  If you find that numerous visits to a doctor were unnecessary to address her medical needs, then the plaintiff would not have properly mitigated her damages and failed in her duty in this respect.

**SYMPATHY:**

In arriving at your verdict, you must not allow yourself to be influenced in the slightest by sympathy for or prejudice against anyone. You would be violating your oath as a juror if you allow sympathy, prejudice, or any other improper consideration to influence your determination of this case. Your determination must be based solely upon the evidence presented in Court and upon my instructions to you concerning the law. You must make a fair and impartial decision so that you will arrive at a just verdict. Modern Federal Jury Instructions – Civil Instruction, 71-10; In Re: Murchion, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed.2nd 942 (1955).

**PROXIMATE CAUSE**

If you should find that the defendants in this case were negligent as I have defined that term, in order for the plaintiff to recover, the plaintiff must prove by a fair preponderance of the evidence that such negligence was the proximate cause of the plaintiff's injuries or loss. That is, the particular negligence of the defendants must be shown to either have caused the accident itself alone, or, it must have been a substantial contributing factor in bringing about the losses suffered.

Merhi v. Becker, 164 Conn. 516 (1973).

Miranti v. Brookside Shopping Center, 159 Conn. 24 (1969).

Proximate cause is an act or failure to act followed in a natural sequence by a result without the intervention of any other superseding cause. Probably the best definition of proximate cause is that it is an act or failure to act which is a substantial factor in producing a result.

Monroe v. Hartford Street Railway Company, 76 Conn. 201, 207 (1903).

Santini v. Levin, 110 Conn. 248, 252 (1929).