UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Darla Patton fka Darla Dolginoff | : | Civil Action No.: 303CV01034 |
| | : | (AVC) |
| vs. | : | |
| | : | |
| James Cusano | : | February 11, 2005 |

## MOTION IN LIMINE

**I.    Introduction**

The plaintiff, Darla Patton, hereby moves in limine to preclude the admission of a certain medical entry in the progress notes of Dr. Beth A. Maxwell. The evidence should be excluded because it is hearsay testimony, irrelevant, unduly prejudicial and involves exclusively an issue of insurance coverage, which is irrelevant and, therefore, inadmissible in this case.

**II.    Law and Analysis**

This motion involves an entry in Dr. Maxwell's progress notes. The date of the entry at issue is December 13, 2001. A copy of the entry note is attached hereto as "Exhibit A." The entry concerns an alleged conversation between the plaintiff and Dr. Maxwell about whether a particular diagnosis would be covered by the plaintiff's insurance carrier. The entry suggests that the plaintiff attempted to get Dr. Maxwell to change a diagnosis code in her report. According to the plaintiff, the report is inaccurate and misleading.

*1.     Hearsay*

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rules of Evidence § 801(c).

The entry at issue is an out of court statement and would be offered to prove the truth of the matters asserted therein. Inherently problematic in admitting this report into evidence is that the plaintiff would have no opportunity to cross-examine Dr. Maxwell on what she meant by the entry. Progress notes of this nature are not intended to be scrutinized for purposes of litigation, nor are they necessarily relevant to diagnosis and treatment, as evidenced by the December 13, 2001 entry.

While there is a well-settled hearsay exception for medical records, that exception is limited to: "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Federal Rules of Evidence § 803(4). There is nothing in the medical entry at bar that concerns medical history, or past or present symptoms, pain, or sensations. Nor is the entry at bar related to the cause or external source of a medical condition as reasonably pertinent to diagnosis or treatment.

The medical entry at issue contains hearsay statements and there are no hearsay exceptions that would permit this record into evidence. The entry note should, therefore, be excluded as hearsay.

### 2.    *Relevance and Undue Prejudice*

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rules of Evidence § 401. Federal Rules of Evidence § 403 states that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The claim at issue involves a personal injury the plaintiff suffered at the hands of the defendant, James Cusano. The plaintiff has produced and intends to introduce all relevant medical records and bills concerning treatments related to her injuries caused by the defendant. The entry at bar, unlike the plaintiff's other medical records, offers no probative assistance to a trier of fact regarding the underlying claims at issue. Rather, the report deals exclusively with insurance coverage and misleading hearsay statements. There is nothing contained in the December 13, 2001 entry that would even remotely make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence.

The only reason for introducing this report would be to unfairly impeach the plaintiff's character with Dr. Maxwell's out of court statements. Without the opportunity to clarify or explain the report, the plaintiff would be unfairly prejudiced. The statements in the December 13, 2001 entry are misleading and factually inaccurate. The unfair and prejudicial nature of this entry far outweighs any probative value it might conceivably have.

### 3.  *Insurance*

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Federal Rules of Evidence § 411.

Finally, the December 13, 2001 entry in Dr. Maxwell's notes involves an issue of insurance coverage. The nature of the reference is irrelevant to the underlying claim. Presumably, a trier of fact would infer that the plaintiff's treatments have been covered by insurance and should not, therefore, be subject to compensation. There is no acceptable other reason for introducing this evidence of insurance coverage other than to prejudice the plaintiff.

### III.   Conclusion

For the foregoing reasons, the court is respectfully urged to preclude the admission of Dr. Beth Maxwell's progress note dated December 13, 2001.

>                         The Plaintiff,
>                         Darla Patton
>
> By:_____
>    John Michael Parese
>    Parrett, Porto, Parese & Colwell, P.C.
>    2319 Whitney Avenue, Suite 1D
>    Hamden, CT 06518
>    Phone: (203) 281-2700
>    Fax: (203) 281-0700
>    Federal Bar No.: CT25291

### **ORDER**

The foregoing Motion in Limine having been presented, IT IS HEREBY ORDERED: GRANTED / DENIED.

>                         THE COURT
>
>
>                         BY:_____
>                                    JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered this 1th day of February, 2005, to all counsel and parties of record as follows:

**COUNSEL FOR James Cusano**

Michael L. McDonnell, Esq.
700 Stanley Drive
New Britain, CT 06050

John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291

BETH A. MAXWELL, Ph.D.
PSYCHOLOGIST

11-05-01

Darla reports that she is having ups and downs with her medication injections, epidurals but that there is overall improvement in her pain. She reports increased conflict with her husband who refuses to change anything in the house he shared with his former wife.
Darla also reports a fear of grocery stores and malls. She does not drive and is driven to the sessions by either her Mother or her husband.

11-12-01

Darla reports on the above date that she has irrational fears, she is dizzy, and getting little sleep. Her libido is down. An antidepresant is recommended for these problems. She continues to have dreams about the house filled with blood that her husband lives in. She feels like she can not return to his house. She reports that she can not rest or feel comfortable in this house.

12-13-01

Darla became very upset during this session when I would not change her diagnosis to paranoia so that her insurance would pay her claims. They refused payment due to her diagnosis pain disorder with psychological features, not being "serious" enough. We tried to appeal this but they refused. She agreed she would have to pay for the sessions out of pocket. This is an issue between she and her husband due to their financial problems. When I refused to change her diaganosis she became upset and left the room and waited for her ride in the waiting room.

*Beth Maxwell PhD*

ARLINGTON, TEXAS 76013 · 271-4702