UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Darla Patton fka Darla Dolginoff      :    Civil Action No.: 303CV01034
                                      :    (AVC)
vs.                                  :
                                        :
Michael Cusano, Marie Cusano and James  :
Cusano                            :    February 10, 2004

**PROPOSED JURY INSTRUCTIONS**

## I.  Negligence

The Plaintiff seeks to establish a claim of negligence.  I will now instruct you on the law regarding this claim.

In order to establish a claim of negligence, the Plaintiff must prove the following elements by a preponderance of the evidence:

1.  That the Defendant, James Cusano, was negligent; and

2.  That the Defendant's negligence was a proximate cause or legal cause of the damage to the Plaintiff.[1]

Negligence is the failure to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances.

---

[1] Nevada Pattern Jury Instructions, Civil, § 4.02 (1986).

Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or to others.

You will note that the person whose conduct we set up as a standard is not the extraordinarily cautious individual, not the exceptionally skillful one, but a person of reasonable and ordinary prudence. While exceptional skill is to be admired and encouraged, the law does not demand it as a general standard of conduct.[2]

A proximate cause of injury, damage, loss, or harm is a cause which, in natural and continuous sequence, produces the injury, damage, loss, or harm, and without which the injury, damage, loss, or harm, would not have occurred.[3]

A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss, or harm.[4]

*In this case, the plaintiff claims that she was caused to suffer various physical and psychological injuries as a consequence of the Defendant, James Cusano's, negligence. If you find that Mr. Cusano failed to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances, then you must find that Mr. Cusano was negligent. If, however, you find that Mr. Cusano was exercising the degree of*

---

[2] Nevada Pattern Jury Instructions, Civil, § 4.03 (1986).
[3] Nevada Pattern Jury Instructions, Civil, § 4.04 (1986).
[4] Nevada Pattern Jury Instructions, Civil, § 4.04A (1986).

*care which an ordinarily careful and prudent person would exercise under the same or similar*

*circumstances, then you must find that Mr. Cusano was not negligent.*

    A person who, himself or herself, is exercising ordinary care has a right to assume that every other person will perform his duty under the law; and in the absence of reasonable cause for thinking otherwise, it is not negligence for such a person to fail to anticipate injury which can come to him only from a violation of law or duty by another.[5]

## II.    Res Ipsa Loquitur

    On the issue of negligence, one of the questions for you to decide in this case is whether the accident or injury occurred under the following conditions.

    First, that it is the kind of accident or injury which ordinarily does not occur in the absence of someone's negligence; and

    Second, that it was caused by an agency or instrumentality within the exclusive control of the allegedly negligent party's name, and which was not mishandled or otherwise changes after James Cusano relinquished control.

    If you should find all these conditions to exist, you are instructed as follows:

---

[5] Nevada Pattern Jury Instructions, Civil, § 4.09 (1986).

From the happening of the accident or injury involved in this case, you may, but are not required to, draw an inference that a proximate cause of that accident or injury was some negligent conduct by James Cusano.

However, you shall not find that a proximate cause or legal cause of the accident or injury was some negligent conduct on the part of James Cusano unless you believe, after weighing all the evidence in the case, and drawing such inferences therefrom as you believe are warranted, that it is more probable than not that the occurrence was caused by some negligent conduct on the part of James Cusano.[6]

### III.    Burden of Proof

Whenever in these instructions I state that the burden, or the burden of proof, rests upon a certain party to prove a certain allegation made by him, the meaning of such an instruction is this:

That unless the truth of the allegations is proved by a preponderance of the evidence, you shall find the same to be not true.

The term "preponderance of the evidence" means such evidence as, when weighed with

---

[6] Woosley v. State Farm Insurance Company, 18 P.3d 317, 323 (Nev. 2001).

I:\persinj\Dolginoff\Trial\Jury Instructions.doc

that opposed to it, has more convincing force, and from which it appears that the greater

probability of truth lies therein.[7]

## IV.     Number of Witness

The preponderance, or weight of evidence, is not necessarily with the greater number of

witnesses.  The testimony of one witness worthy of belief is sufficient for the proof of any fact

and would justify a verdict in accordance with such testimony, even if a number of witnesses

have testified to the contrary.  If, from the whole case, considering the credibility of witnesses,

and after weighing the various factors of evidence, you believe that there is a balance of

probability pointing to the accuracy and honesty of the one witness, you should accept her

testimony.[8]

## V.     Plaintiff's Burden

Except as I have already instructed you upon the law relative to presumptions, the

Plaintiff has the burden of establishing by a preponderance of the evidence all of the facts

necessary to prove that the Defendant, James Cusano, was negligent and that such negligence

caused the Plaintiff's injuries.

---

[7] Nevada Pattern Jury Instructions, Civil, § 3.00 (1986).
[8] Nevada Pattern Jury Instructions, Civil, § 3.01 (1986).

I:\persinj\Dolginoff\Trial\Jury Instructions.doc

The Plaintiff has the burden to prove that the Plaintiff sustained damage, that the Defendant was negligent, and that such negligence was a proximate cause or legal cause of the damage sustained by the Plaintiff.[9]

## VI.    Damages

In determining the amount of losses, if any, suffered by the Plaintiff as a proximate or legal result of the accident in question, you will take into consideration the nature, extent and duration of the injuries you believe from the evidence the Plaintiff has sustained, and you will decide upon a sum of money sufficient to reasonably and fairly compensate the Plaintiff for her injuries.[10]

You may award the Plaintiff the reasonable medical expenses the Plaintiff has necessarily incurred as a result of the accident and the medical expenses which you believe the Plaintiff is reasonably certain to incur in the future as a result of the accident.[11]

You may also award the Plaintiff loss of earnings from the date of the accident to the present and the loss of earnings which you believe the plaintiff is reasonably certain to experience in the future as a result of the accident.[12]

---

[9] Nevada Pattern Jury Instructions, Civil, § 3.06 (1986).
[10] Nevada Pattern Jury Instructions, Civil, § 10.00 (1986).
[11] Nevada Pattern Jury Instructions, Civil, § 10.02 (1986).
[12] Nevada Pattern Jury Instructions, Civil, § 10.03 (1986).

You may also award the Plaintiff the physical and mental pain, suffering, anguish and disability endured by the Plaintiff from the date of the accident to the present and the physical and mental pain, suffering, anguish, and disability which you believe the Plaintiff is reasonably certain to experience in the future as a result of the accident.[13]

No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for pain and suffering.  Nor is the opinion of any witness required as to the amount of such reasonable compensation.  Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation.  In making an award for pain and suffering, you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in light of the evidence.[14]

**VII.**   **Preexisting Condition**

A person who has a condition or disability at the time of an injury is not entitled to recover damages therefore.  However, she is entitled to recover damages for any aggravation of such preexisting condition or disability proximately resulting from the injury.

This is true even if the person's condition or disability made her more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

---

[13] Nevada Pattern Jury Instructions, Civil, § 10.04 (1986).
[14] Nevada Pattern Jury Instructions, Civil, § 10.05 (1986).

Where a preexisting condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.[15]

## VIII.   Loss of Enjoyment of Life's Activities

There has been evidence in this case that the plaintiff has been limited in her ability to enjoy many of the activities which she enjoyed before the incident on June 23, 2001. If you find that the evidence supports an award for the loss of the enjoyment of life's activities, then you may award such loss to the plaintiff as part of her damages. The enjoyment of life's activities includes, in part, the plaintiff's ability to participate in and derive pleasure from the normal activities of daily life, or her ability to pursue her talents, recreational interests, hobbies, or avocations. An award for the loss of the enjoyment of life's activities is to be considered and treated as a factor in determining the plaintiff's pain and suffering award.[16]

## IX.    Eggshell Plaintiff

There is a legal principal relevant to the plaintiff's claims, and that legal principal is commonly referred to as the "eggshell skull rule." The principal is that a tortfeasor takes his victim as he finds her.[17] Or, in other words, "this principle renders defendants liable for any physical injury they cause, no matter how unforeseeable, once they inflict harm on a plaintiff's

---

[15] Nevada Pattern Jury Instructions, Civil, § 10.06 (1986).
[16] Banks ex rel. Banks v. Sunrise Hospital, 102 P.3d 52 (Nev., 2004).
[17] Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1192 (9th Cir.(Nev.) 2002), cert. denied, Washoe County, Nev. v. Gibson, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003) citing Wakefield v. Nat'l Labor Relations Bd., 779 F.2d 1437, 1438 (9th Cir.1986).

body."[18]  "It is as if a magic circle were drawn about the person, and one who breaks it, even by

so much as a cut on the finger, becomes liable for all resulting harm to the person, although it

may be death.... The defendant is held liable for unusual results of personal injuries which are

regarded as unforeseeable . . . .  The defendant of course is liable only for the extent to which the

defendant's conduct has resulted in an aggravation of the pre-existing condition, and not for the

condition as it was; but as to the aggravation, foreseeability is not a factor."[19]


The Plaintiff, Darla Patton

By: _____
John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291

---

[18] Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1192-93 (9th Cir.(Nev.) 2002), cert. denied, Washoe County, Nev. v. Gibson, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003).
[19] Id.

## CERTIFICATION

This is to certify that a copy of the foregoing has sent via facsimile this 10th day of February, 2005, to all counsel and parties of record as follows:

## COUNSEL FOR James Cusano

Michael L. McDonnell, Esq.
700 Stanley Drive
New Britain, CT 06050
Facsimile No.: (860) 827-4386

John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291