**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Darla Patton fka Darla Dolginoff** | : | **Civil Action No.: 303CV01034 (AVC)** |
| **vs.** | : | |
| | : | |
| **James Cusano** | : | **February 23, 2005** |

**MOTION FOR NEW TRIAL**

Pursuant to Federal Rules of Civil Procedure 59, the plaintiff, Darla Patton, hereby respectfully moves for a new trial.

## I. Factual and Procedural History

This case arises out of personal injuries the plaintiff sustained at the hand of the defendant, James Cusano, while she was vacationing at the Tropicana Hotel in Las Vegas Nevada on June 23, 2001. The defendant, James Cusano, was also vacationing at the Tropicana Hotel in Las Vegas at said time and date. The undisputed evidence at trial established that the defendant, while attempting to free his arm from his mother's grasp, struck the plaintiff in her head causing her head and neck to snap forward.

The plaintiff testified at trial that she had preexisting neck problems, including a disc herniation at the C6-C7 level as well as preexisting psychological conditions. The plaintiff

testified that she would regularly carry a soft neck brace on account of her weakened neck; and indeed, she had the neck brace in her purse on the date and time the defendant struck her.

On February 16, 2005, after two days of evidence and closing arguments, the jury returned a unanimous verdict in favor of the defendant. This court is respectfully urged to grant the plaintiff's motion for a new trial because the jury quite clearly reached an erroneous result in spite of the clear weight of the evidence.

## II. Issue

The issue is whether this court should order a new trial because the jury reached a seriously erroneous result in spite of the clear weight of the evidence.

## III. Law

"A new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed.R.Civ.P. 59(a). Generally, a motion for a new trial should be granted when the trial court concludes that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. . . . A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." (Internal quotation marks omitted; citations omitted.) Sabir v. Jowett, 214 F.Supp.2d 226, 244 (D.Conn. 2002). A district court may order a new trial under Rule 59 "even if there is substantial

evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." Id.

**IV. Analysis**

According to the court's charge, the plaintiff was required to prove: (1) that Mr. Cusano was negligent; (2) that Ms. Patton suffered injury; and (3) that Mr. Cusano's negligence was the proximate or legal cause of that injury. The court further instructed the jury that a defendant is negligent when he fails to exercise the degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances.

This case is unique in that the entire incident was captured on videotape and showed to the jury. The videotape clearly shows the defendant wildly swinging his arm into the plaintiff's head. What is more, the defendant himself testified that it was not a good idea for him to have swung his arm the way he did under the circumstance. The undisputed evidence in this case, as introduced through the plaintiff's testimony, the defendant's testimony, the defendant's mother's testimony, and through the Tropicana surveillance videotape, all establish that the plaintiff wildly swung his arm in a crowded aisle striking the plaintiff in the head. The evidence of negligence is overwhelming.

The issue of damages and causation are equally as clear. The plaintiff testified at length and introduced extensive records evidencing the vulnerability of her neck and psychological

wellbeing. In fact, there was overwhelming and uncontroverted evidence that the plaintiff's post-incident health was severely affected by this incident. Even absent this overwhelming and uncontroverted evidence, it would be virtually impossible that a woman of the plaintiff's age and health could be struck in the head, completely by surprise, with the force and effect as evidenced by the videotape, and walk away perfectly unharmed.

**V. Conclusion**

The clear weight of the evidence revealed that the plaintiff was, indeed, negligently struck in the head, and as a consequence, suffered at least some injury. All probative evidence leans in favor of the plaintiff such that reasonable, impartial, and fair-minded jurors could not have arrived at the verdict reached. The conclusion that the plaintiff was not negligent and/or did not suffer any injury amounts to a miscarriage of justice. Whatever the reason for the jury's decision to render a defense verdict, it is evident that the jury either did not understand the law or somehow misapplied it.

For the foregoing reasons and to prevent a miscarriage of justice, the plaintiff respectfully moves that the court order a new trial.

The Plaintiff,
Darla Patton

By: ______________________

John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291

**ORDER**

The foregoing Motion in Limine having been presented, IT IS HEREBY ORDERED:

GRANTED / DENIED.

THE COURT

BY: ______________________
JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered this 23rd day of February, 2005, to all counsel and parties of record as follows:

**COUNSEL FOR James Cusano**

Michael L. McDonnell, Esq.
700 Stanley Drive
New Britain, CT 06050

John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291