UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Darla Patton fka Darla Dolginoff** : | Civil Action No.: 303CV01034 |
| : | (AVC) |
| vs. : | |
| : | |
| **James Cusano** : | March 3, 2005 |

## OBJECTION TO DEFENDANT'S BILL OF COSTS

### I.   Introduction

The plaintiff, Darla Patton, hereby objects to the defendant's bill of costs dated February 25, 2005. The defendant's bill of costs is excessive and impermissible and this court in its discretion should deny the bill of costs, or in the alternative, modify the defendant's costs accordingly.

### II.   Law

Local Rules of Civil Procedure 54 and 28 U.S.C. § 1920 provide the basis for the taxation of costs to a prevailing party. "The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920. . . . [T]he discretion given district judges [by Rule 54(d)] to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute."

(Citation omitted; internal quotation marks omitted) <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437, 442-43, 107 S.Ct. 2494, 96 L.Ed.2d 385, (1987).

**III.   Analysis**

The only costs the plaintiff could be liable for and awarded in the court's discretion are court reporter and transcript fees totaling $1,180.80. These fees the plaintiff would respectfully ask the court to deny on the basis of equity. The plaintiff moves that the court in its equitable powers consider the economic hardship additional costs would have on her. The plaintiff testified at trial that she is on a limited budge and that she is permanently and totally disabled. The plaintiff has already expended a considerable amount of money to bring her claim. Adding the defendant's costs to her own costs unfairly penalizes the plaintiff for using the legal system. In the interest of fairness and equity, the plaintiff respectfully asks the court to deny the defendant's motion for court reporter and transcript fees.

The remaining prayer for costs in the amount of $4,360.67 should be denied for the following reasons. First, the defendant's request for reimbursement for fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $646.85 should be denied. Under Local Rules 54(c)(3)(i), only the costs for one copy of documents admitted into evidence in lieu of the original is permitted as costs and "[c]opies for the convenience of counsel or additional copies are not taxable unless otherwise directed by the Court." In this case, the

plaintiff provided the defendant with one copy of all records introduced at trial. Therefore, the plaintiff is not liable for the additional copies the defendant may have made for trial or for his convenience.

Second, the defendant seeks $3,713.82 in "other" costs. These "other" costs are not taxable under the applicable Local Rule, Section 54(c)(6) or 28 U.S.C. § 1920. The costs include the defendant's expense for digitizing the videotape of the incident; making copies of the videotape; and the expense associated with projecting the videotape of the incident to the jury. These costs more closely align with costs for maps, charts, photographs and producing models, which costs are specifically "not taxable as costs" pursuant to Local Rules Section 54(c)(7)(xiv).

In Technical Resource Services, Inc. v. Dornier Medical Systems, Inc., 134 F.3d 1458 (Fla. 1998), for example, the court held that the cost of renting video equipment to play videotaped depositions at two antitrust trials could not be awarded as costs. This court should similarly deny the defendant's request for reimbursement of costs to digitize, display and copy evidence for use at trial.

Finally, the defendant is not entitled to his costs from HB Communications as a result of the teleconference deposition of the plaintiff. Not only is this expense not provided for under "fees of the court reporter" (L.Civ.R. 54(c)(2)), but this expense is specifically excluded under

Local Rules Section 54(c)(7)(v), which states that "[c]ounsel's fees and expenses in arranging for . . . a deposition" are not taxable as costs.

### IV. Conclusion

The Supreme Court held that taxing costs should be <u>sparingly exercised</u> with reference to expenses not specifically allowed by statute. <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, supra, 482 U.S. 442-43. Many of the expenses the defendant seeks are specifically excluded by statute or by our Local Rules of Civil Procedure.

Accordingly, the plaintiff moves that the court deny the defendant's request for costs, or in the alternative, award the defendant only its costs for court reporter and transcript fees totaling $1,180.80.

The Plaintiff,<br>
Darla Patton<br><br>
By /s/ John Michael Parese<br>
John Michael Parese<br>
Parrett, Porto, Parese & Colwell, P.C.<br>
2319 Whitney Avenue, Suite 1D<br>
Hamden, CT 06518<br>
Phone: (203) 281-2700<br>
Fax: (203) 281-0700<br>
Federal Bar No.: CT25291

## ORDER

The foregoing Objection to Bill of Costs having been presented, IT IS HEREBY ORDERED:

SUSTAINED / OVERRULED.

THE DEFENDANT IS AWARDED
COSTS IN THE AMOUNT OF:            $_____

                          THE COURT

                          BY: _____
                                JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered this 3rd day of March, 2005, to all counsel and parties of record as follows:

**COUNSEL FOR James Cusano**

Michael L. McDonnell, Esq.
700 Stanley Drive
New Britain, CT 06050

```
                                         _____
                                         John Michael Parese
                                         Parrett, Porto, Parese & Colwell, P.C.
                                         2319 Whitney Avenue, Suite 1D
                                         Hamden, CT 06518
                                         Phone: (203) 281-2700
                                         Fax: (203) 281-0700
                                         Federal Bar No.: CT25291
```