UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Darla Patton fka Darla Dolginoff | : | Civil Action No.: 303CV01034 |
| | : | (AVC) |
| vs. | : | |
| | : | |
| James Cusano | : | March 15, 2005 |

REPLY TO DEFENDANT'S OBJECTION TO
PLAINTIFF'S MOTION FOR NEW TRIAL

For the following reasons, the plaintiff, Darla Patton, refutes the contentions set forth in

the defendant's Objection dated March 7, 2005.

I.    The Jury's Verdict was Seriously Erroneous and/or a Miscarriage of Justice.

The plaintiff does not take issue with the court's instruction on negligence. The elements

are well settled and were properly explained to the jury. The plaintiff does, however, take issue

with the jury's conclusion that the plaintiff suffered absolutely no injury from the defendant's

conduct. The overwhelming weight of the evidence, including the videotape of the incident,

demonstrates a direct causal connection between the defendant's negligent behavior and the

injuries and exacerbated conditions suffered the plaintiff after the incident. The jury's decision

to ignore the overwhelming weight of the evidence amounted to a seriously erroneous verdict

and/or a miscarriage of justice. Sabir v. Jowett, 214 F.Supp.2d 226, 244 (D.Conn. 2002).

II.    **There was Overwhelming Evidence of the Plaintiff's Physical Injuries.**

The defendant states in his brief that the jury could have found that the plaintiff was simply caused to suffer the "exact same injuries" that she had prior to the incident. Or, in other words, when the defendant violently struck the plaintiff in the head, he simply put her back to the exact same physical condition she was in before he punched her in the head. The contention defies the evidence and common sense.

The court is urged to consider Dr. Jones' report dated June 27, 2001, four days after the incident at issue. (See "Exhibit A".) Dr. Jones states that the plaintiff had a "large goose-sized welt . . . over her right occipital lobe. This occurred on June 23, 2001." Even more objective evidence of the plaintiff's physical injuries came by way of MRI reports. In this case, the plaintiff presented the jury with an MRI from June 14, 1999 (before the incident) and then another one from August 14, 2001 (after the incident). (See Exhibits "B" and "C".) The 1999 MRI revealed that a disc herniation at the C6-7 level had largely absorbed and had essentially resolved. The 2001 MRI, however, objectively revealed that the same disc presented as a posterior bulge.

Almost more persuasive than the physical evidence of the plaintiff's injury is the videotape of the incident. Simply put, the plaintiff could not have been struck in this way, at her

age and health, and not been injured. The overwhelming evidence establishes at least some physical injury.

### III.     There was Overwhelming Evidence of the Plaintiff's Psychological Injuries.

The only expert evidence concerning the plaintiff's psychological wellbeing came in through the plaintiff's expert witness, Donald Weaver, PhD. Dr. Weaver testified at length about the adverse affect the defendant's conduct had on the plaintiff's emotional and psychological wellbeing. Dr. Weaver also testified that the incident in Las Vegas acted to exacerbate her preexisting psychological conditions. There was absolutely no contradicting evidence or competing expert opinion to suggest that Dr. Weaver's diagnosis were flawed. At one point in the trial, Dr. Weaver testified that his modus operandi for treatment had been compromised when the plaintiff indicated that she hated the present as much as she hated the past and the future. In Dr. Weaver's clinical and professional opinion, the incident in Las Vegas was a substantial factor in the plaintiff's decline. (See "Exhibit D".)

Again, the uncontroverted evidence overwhelmingly established that the plaintiff had preexisting psychological conditions that were exacerbated by the defendant's conduct. The judge instructed the jury that the defendant is liable for the aggravation of any preexisting conditions. There is simply no way, in light of all of the evidence introduced about the

plaintiff's preexisting health, that a jury could have found that this incident had absolutely no adverse consequence.

## IV.    Conclusion

The clear weight of the evidence reveals that the plaintiff was, indeed, negligently struck in the head, and as a consequence, suffered at least some injury.  The contention that the plaintiff suffered the "exact same injury" as she had prior to this incident defies common sense and contradicts the evidence at trial.

The jury's verdict resulted in a miscarriage of justice that should be set aside in the interest of fairness and equity.  Accordingly, the plaintiff respectfully moves that the court order a new trial.

<div style="margin-left: 50%;">

The Plaintiff,
Darla Patton

By

John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291

</div>

## ORDER

The foregoing Motion for New Trial having been presented, IT IS HEREBY ORDERED:

GRANTED / DENIED.

THE COURT


BY:_____
JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this 15th day of March, 2005, to all counsel and parties of record as follows:

**COUNSEL FOR James Cusano**

Michael L. McDonnell, Esq.
700 Stanley Drive
New Britain, CT 06050

John Michael Parese
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
Phone: (203) 281-2700
Fax: (203) 281-0700
Federal Bar No.: CT25291