```
                  UNITED STATES DISTICT COURT
                     DISTRICT OF CONNECTICUT

DARLA PATTON f/k/a             :
DARLA DOLGINOFF                 :
   Plaintiff,                   :
                                :
v.                              :      Civil No. 3:03CV0134(AVC)
                                :
JAMES CUSANO                    :
   Defendant.                   :
```

**RULING ON THE PLAINTIFF'S MOTION FOR NEW TRIAL**

This is an action for damages brought pursuant to common law tenets concerning negligence. It arises out of personal injures allegedly sustained by the plaintiff, Darla Patton, when James Cusano struck her in the head. Between February 14, 2005 and February 16, 2005, the court conducted a jury trial. The jury returned a verdict for Cusano.

Patton now brings the within motion for new trial (document no. 46) pursuant to Federal Rule of Civil Procedure 59(a).[1] Patton argues that "the jury quite clearly reached an erroneous result in spite of the clear weight of the evidence." Specifically, Patton maintains that "[t]he jury's decision to ignore the overwhelming weight of the evidence amounted to a

---

[1] Rule 59(a) states, in pertinent part, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."

1

seriously erroneous verdict and/or a miscarriage of justice."

Cusano responds that "the jury's verdict is not a miscarriage of justice or egregious." Specifically, Cusano maintains that "the jury could reasonably have concluded that the subject incident was not the proximate cause of [Patton's] injuries."

For the reasons that follow, the motion for new trial is DENIED.

**STANDARD**

The court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). "[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003)(internal citation omitted). "[A] decision is against the weight of the evidence, for purposes of a Rule 59 motion, if and only if the verdict is seriously erroneous or a miscarriage of justice." Farrior v. Waterford Bd. of Educ., 277 F.3d 633, 635 (2d Cir. 2002). "Accordingly, a court should rarely disturb a

2

jury's evaluation of a witness's credibility." <u>DLC Mgmt. Corp. v. Town of Hyde Park</u>, 163 F.3d 124, 134 (2d Cir. 1998).

## **DISCUSSION**

Patton argues that "[t]he overwhelming weight of the evidence, including the videotape of the incident, demonstrates a direct causal connection between [Cusano's] negligent behavior and the injuries and exacerbated conditions suffered [by Patton] after the incident." Specifically, Patton maintains that "[t]he jury's decision to ignore the overwhelming weight of the evidence amounted to a seriously erroneous verdict and/or a miscarriage of justice."

To support her contentions that the verdict was "seriously erroneous," Patton cites Dr. Richard Jones's report dated June 27, 2001, MRI scans taken before and after the incident, Dr. Donald Weaver's diagnosis and the videotape of the incident.

Cusano responds that "the jury [did] not reach[] an egregious result, the verdict is not a miscarriage of justice and it is not against the weight of the evidence." Specifically, Cusano argues that "[d]uring the trial there was an abundance of evidence which clearly supported the defendant's position that prior to the June 23, 2001 Las Vegas incident, the plaintiff was suffering from the exact same injuries she claimed she sustained as a consequence of [Cusano's] alleged negligence." Further,

3

Cusano maintains that "[t]here was . . . a lack of medical evidence presented by the plaintiff in support of her claim that the June 23, 2001 incident caused her to sustain additional physical injures or that it exacerbated any preexisting physical injuries."  Finally, Cusano states that "Patton did not prove by a preponderance of the evidence that . . . Cusano was negligent, and that his negligence was the legal or proximate cause of the injuries."

    The verdict form asked the jury, "Has the plaintiff, Darla Patton, proven by a preponderance of the evidence that the defendant, James Cusano, was negligent,[2] and that his negligence was the legal or proximate cause[3] of the injury to the plaintiff?"  The jury deliberated for four hours on this question and found that Patton had not done so.

---

[2] The court instructed the jury that "[a] defendant is negligent when he fails to exercise the degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances."

[3] The court instructed the jury that

> [a]n injury is proximately caused by an act or failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.  In other words, Ms. Patton must prove by a preponderance of the evidence that Mr. Cusano's conduct brought about the loss to Ms. Patton.

In light of the evidence educed at trial, the jury's verdict was neither seriously erroneous, nor a miscarriage of justice. Therefore, the verdict was not against the weight of the evidence, and there are no grounds to grant a new trial under Rule 59(a).

## CONCLUSION

The court concludes that the jury could have reasonably found that Cusano's alleged negligence was not the proximate or legal cause of Patton's injuries. For the foregoing reasons, Patton's motion for new trial (document no. 46) is DENIED.

It is so ordered this 15th day of April, 2005 at Hartford, Connecticut.

```
            _____/s/_____
            Alfred V. Covello
            United States District Judge
```