```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

DARLA PATTON f/k/a DARLA      :
DOLGINOFF,                    :
  Plaintiff,                  :
                              :
v.                            :    3:03CV1034(AVC)
                              :
JAMES CUSANO,                 :
  Defendant.                  :
```

### RULING ON THE PLAINTIFF'S OBJECTION
### TO THE DEFENDANT'S BILL OF COSTS

This is an action for damages brought pursuant to common law tenets concerning negligence.  It arises out of injuries that the plaintiff alleges she "sustained at the hand of the defendant, James Cusano, while she was vacationing at the Tropicana Hotel in Las Vegas Nevada on June 23, 2001."  Between February 14, 2005 and February 16, 2005, the court held a jury trial.  On February 16, 2005, the jury returned a verdict in favor of the defendant.  On February 18, 2005, the clerk entered judgment in favor of the defendant and against the plaintiff.

On February 25, 2005, the defendant submitted a bill of costs requesting that the clerk tax $5,541.47 as costs to the plaintiff.  On March 3, 2005, the plaintiff filed the within "objection to defendant's bill of costs"(document no.48).  The defendant did not respond to the plaintiff's objections.

For the reasons set forth below, the plaintiff's objection to the bill of costs (document no.48) is SUSTAINED in part and OVERRULED in part.

**STANDARD**

Federal Rule of Civil Procedure 54(d), provides, in part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, *costs* other than attorneys' fees *shall be allowed as of course to the prevailing party unless the court otherwise directs* . . . .

Fed. R. Civ. P. 54(d)(emphasis added).

The United States Supreme Court has held that an expense must fall within one of "the specific items enumerated in 28 U.S.C. § 1920 (1994)" to be taxable as a cost pursuant to Rule 54(d). Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001)(citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987)).

Section 1920 of Title 28 of the United States Code, provides, in pertinent part, that a "judge or clerk of any court of the United States may tax as costs" the following:

(1) . . . .
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) . . . .
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
. . . .

28 U.S.C. § 1920.  Local Rule 54(c) further outlines the "[i]tems [t]axable as [c]osts."  D. Conn. L. Civ. R. 54(c).

According to the Second Circuit Court of Appeals, "the losing party has the burden to show that costs should *not* be

2

imposed" Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). A district court may, for example, deny costs "because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id. When a district court decides to deny costs to the prevailing party, the court "must articulate its reasons for doing so." Id.

The Second Circuit Court of Appeals has held that Rule 54(d) and the "various statutory provisions relating to the awarding of costs leave the taxation of costs to the discretion of the district court." In re Crash Disaster at John F. Kennedy Int'l Airport, 687 F.2d 626, 628 (2d Cir. 1982). The Second Circuit will reverse a district court's decision to deny costs "only in the event of an abuse of that discretion." Id.(internal citations omitted).

## DISCUSSION

The defendant requests that the "clerk . . . tax the following as costs" to the plaintiff: (1) $1180.80 in "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case"; (2) $646.85 in "[f]ees for exemplification and copies of papers necessarily obtained for use in the case"; (3) $3,713.82 in "[o]ther costs" including the costs of "[d]igitaliz[ing] [the] [s]urveillance video", creating an "MPEG computer movie", making "VHS copies" of the plaintiff's

first and second deposition, projecting the videos in court, and renting a "teleconferencing location for video depositions of [the] plaintiff."

The plaintiff argues that the only costs that the "plaintiff could be liable for and awarded in the court's discretion are court reporter and transcript fees totaling $1,180.80" which the court should "deny on the basis of equity."

**I.   Copies**

The plaintiff first argues that pursuant to Local Rule 54(c)(3)(i), the court should deny the defendant's request for $646.85 in "[f]ees for . . . copies of papers necessarily obtained for use in the case". Specifically, the plaintiff argues that the "plaintiff provided the defendant with one copy of all records introduced at trial" and the defendant's costs represent the costs of additional copies for the "convenience of counsel". The defendant does not respond.

Local Rule 54(c)(3)(i) provides, in part: "[c]osts for . . . copies of papers are taxable only if counsel can demonstrate that such exemplifications or copies were necessarily obtained for use in the case." Local Rule 54(c)(3)(i) also provides that "[c]osts for one copy of documents admitted into evidence in lieu of the originals, shall be permitted as costs", but "[c]opies for the convenience of counsel or additional copies are not taxable unless otherwise directed by the Court." D. Conn. L. Civ. R.

4

54(c)(3)(i).

The defendant has provided the court with receipts for $92.00 for one copy of the plaintiff's tax returns and $554.85 for one copy each of the plaintiff's various medical records. The court concludes that given the liability and damages issues presented at trial, copies of these medical records and tax returns were "necessarily obtained for use in the case".

Contrary to the plaintiff's argument, the cost of these copies does not amount to "additional copies" for the convenience of counsel.  The defendant has only sought the cost of making one copy of the original medical records that were necessary for the defendant's trial preparation.  The defendant does not seek the cost of additional copies of those records.  Accordingly, the $646.85 cost for one set of copies is taxable pursuant to Local Rule 54(c)(3)(i) as "necessarily obtained for use in the case." The plaintiff's objection is OVERRULED in this regard.

**II.  Videos and Projection**

The plaintiff next argues that pursuant to Local Rule 54(c)(7)(xiv), the defendant's cost of "[d]igitaliz[ing] [the] [s]urveillance video", creating an "MPEG computer movie", and the cost of "[c]ourt [p]rojection" are not allowable as costs.[1]

---

[1] Specifically, the defendant listed the following as "other costs" in the bill of costs:
   Geomatrix . . . . . . . . . . . . . . . .$471.70 (Digitalize
   Surveillance [V]ideo)
   Geomatrix . . . . . . . . . . . . . . . . $75.00 (MPEG computer
   movie)

5

Specifically, the plaintiff argues that these "costs more closely align with costs for . . . producing models, which costs are specifically 'not taxable as costs'" pursuant to D. Conn. L. Civ. R. 54(c)(7)(xiv).  The defendant does not respond.

Section 1920(4) of Title 28 of the United States Code provides that a court may tax as costs the "[f]ees for exemplification . . ." 28 U.S.C. § 1920.  The Second Circuit Court of Appeals has taken "a rather broad view of what is included in the category of exemplification" set forth in section 1920(4). Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp., 215 F.R.D. 60, 66 (E.D.N.Y. 2003).  For example, in In re Air Crash Disaster at John F. Kennedy Intern. Airport on June 24, 1975, 687 F.2d 626, 631 (2d Cir. 1982), the Second Circuit Court of Appeals held, that pursuant to section 1920(4)

> a prevailing party is entitled to '(t)he *reasonable expense* of preparing . . . *motion pictures*, photostats and *kindred materials*.' 6 Moore's Federal Practice P 54.77(6), at 1739 (2d ed.). This has been construed to permit awards of costs for . . . computer expenses . . . for demonstration models and exhibits . . . .

In re Air Crash Disaster at John F. Kennedy Int'l Airport on June

---

Geomatrix . . . . . . . . . . . . . . . .$360.40 (VHS copies of PI's Depo 1)
Geomatrix . . . . . . . . . . . . . . . .$254.40 (VHS copies of PI's Depo 2)
Geomatrix . . . . . . . . . . . . . . . .$1,471[.]82 (Def's cost for Court Projection)
HB Communications. . . . . . . . . . . $375.00, $149.00, 556.50 (teleconferencing location for video depositions of plaintiff).
See document no.47.

6

24, 1975, 687 F.2d 626, 631 (2d Cir. 1982)(emphasis added). See also Jarvis v. Ford Motor Co., 2003 WL 1484370, at *2 (S.D.N.Y. Mar. 21, 2003)(allowing the prevailing defendant to recover the "cost of the model" created by an expert witness to demonstrate the "speed/cruise control system"; reasoning that "producing [the] exhibit" was "*reasonably necessary* to explain the intricacies of the speed/cruise control system"(emphasis added)).[2]

However, in both In re Air Crash Disaster and Jarvis, the courts noted that the "fees of exemplification" are taxable if those fees are "reasonable" or "reasonably necessary." See In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975, 687 F.2d 626, 631 (2d Cir. 1982); Jarvis v. Ford Motor Co., 2003 WL 1484370, at *2 (S.D.N.Y. Mar. 21, 2003).

Reading Local Rule 54(c)(7)(xiv) in the context of these cases, the court concludes that an order directing the taxation of the costs of exemplification or creating models is only appropriate if the such costs are "reasonable" and "reasonably necessary". The court concludes that some of the costs for videos and projection are not reasonable or reasonably necessary.

---

[2] Local Rule 54(c)(7)(xiv) provides in relevant part that "the costs for producing models" is "not recoverable as costs, *unless by order of the Court*." D. Conn. L. Civ. R. 54(c)(7)(xiv). Contrary to the plaintiff's argument that the costs of producing models are "not taxable as costs", this rule provides that such costs are taxable upon court order.

### A. Video of the Incident

The defendant asks the court to award the following: (1) $430.00 for the cost to "Digitalize casino surveillance footage (includes 1 VHS copy, MPEG computer movie and stills of every frame from video on 2 CDs)", $15.00 for "Federal Express/Postage/Handling", $26,00 for 6% sales tax; (2) $75.00 for "One(1) VHS Copy and MPEG computer movie and stills of every frame from video on 2 CDs", $4.50 for 6% sales tax; (3) $273.75 for "Video to Digital CD (V) RE: Donald Weaver, Ph D[,] Video Administration Fee [,] VHS Tapes (Mastering)(V)[,] Shipping & Handling"; and (4) a total of 1,471.82 for a "Projection System & Lap Top" with "monitors on standby at no charge" during trial.

The court concludes that in the context of this case, the majority of these expenses were not reasonably necessary. The cost, however, of one VHS tape of the video surveillance of the incident was a reasonably necessary cost. The receipts that the defendant has provided the court do not itemize the cost of one VHS copy. However, judging from the costs of the VHS copies of the depositions that the defendant has submitted, the court concludes that a VHS copy of the incident cost the defendant $50.00 plus 6% sales tax. Should the defendant disagree with the court's approximation of the cost of one VHS copy, the defendant shall have seven days from the day the court issues this order to submit documentation of such cost.

**B.    Video of the Depositions**

**1.    Dolginoff Deposition Part 1 and Weaver Deposition**

The defendant seeks $360.40 for: (1) two copies of the plaintiff's deposition part 1 ($120.00); (2) two copies of the deposition of Donald Weaver ($100.00); (3) "MPEG File on CDROM" ($100.00); (4) 6% sales tax ($20.40); and (5) Federal Express ($20.00).

The court concludes that it is not reasonable to make the plaintiff pay for two copies of each deposition.  Accordingly, the court will only tax the cost of one copy of the plaintiff's deposition ($60.00) and one copy of Weaver's deposition ($50.00) plus 6% sales tax.

As to the "MPEG File on CD ROM" ($100.00), the court concludes that this expense was not a reasonably necessary cost. Accordingly, the court declines to tax this expense to the plaintiff.

**2.    Dolginoff Deposition Part 2**

The defendant also seeks the following costs: (1) "Two(2) VHS Copies of the Videotaped Deposition- Part 2" ($120.00); (2)"One (1) DVD Copy of the Videotaped Deposition - Part 2" ($100.00); (3) 6% sales tax ($14.40); (4) Federal Express ($20.00).

The court concludes that the plaintiff should not be charged for three copies of the same deposition.  The court will exercise its discretion to tax the plaintiff for one VHS copy of the deposition, part 2, at a cost of $60.00 plus 6% sales tax.

**III. Other Costs: HB Communications Teleconference Deposition**

The plaintiff next argues that pursuant to Local Rule 54(c)(2) and 54(c)(7)(v), the defendant "is not entitled to his costs from HB Communications" for the cost of "the teleconference deposition of the plaintiff."

Local Rule 54(c)(7)(v) provides that "[c]ounsel's fees and expenses in arranging for and traveling to a deposition" are "not recoverable as costs, unless by order of the Court."  Here, the defendant has asked the clerk to tax the plaintiff "$375.00, $149.00, 556.50" for a total of $1080.50 for the "teleconferencing location for video depositions of plaintiff."

The court does not perceive any reason why, in this case, the court should issue an order making the costs of arranging the teleconference deposition taxable to the plaintiff.  Accordingly, the plaintiff's objection to the taxing of $1080.50 for the "teleconferencing location for the video deposition" is SUSTAINED.

**VI. Equity**

The plaintiff further argues that the court should deny the defendant all costs "on the basis of equity.  Based on its review

of the defendant's bill of costs and its ruling on the above objections to the bill of costs, the court declines to exercise its equitable powers to lower further the defendant's costs.

## CONCLUSION

For the reasons set forth above, the plaintiff's objection to the bill of costs (document no.48) is SUSTAINED in part and OVERRULED in part.

The court concludes that the following costs, totaling $2060.05, are to be taxed to the plaintiff:

(1) $1180.00 for the costs of the court reporter and transcript fees;

(2) $646.85 for copies;

(3) $53.00 for one VHS copy of the incident including 6% tax;

(4) $63.60 for one VHS copy of the plaintiff's deposition, part 1, including 6% tax;

(5) $53.00 for one VHS copy of Weaver's deposition including 6% tax;

(6) $63.60 for one VHS copy of the plaintiff's deposition, part 2, including 6% tax.

It is so ordered this 7th day of September, 2005 at Hartford, Connecticut.

```
            _____/s/_____
            Alfred V. Covello
            United States District Judge
```